HARDCASTLE & KENYON V. C. V. HOLMES *et al.*
No. 14,128.   (80 Pac. 962.)

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed May 6, 1905. Affirmed.

*Graves & Hamer,* for plaintiffs in error.
*Kellogg & Madden,* for defendants in error.

*Per Curiam:* Holmes owned a lot in Emporia and erected a two-story business house thereon. Later the Hall brothers, who owned the adjoining lot and contemplated the erection of a building thereon, entered into an alleged agreement with Holmes that they might use the wall of Holmes's building as a party wall, and also have the right to extend the party wall on the Holmes lot to accommodate the additional length of their own building. In consideration of these uses and rights they agreed that Holmes should have the use of the stairway in the Hall building to gain access to the second story of his own building. The Hall building was erected with a stairway against the party wall, which has been used as a passageway to office rooms in the upper stories of both buildings for about thirty years. The agreement was not in writing, and the plaintiffs in error, who are grantees under Hall brothers, claiming that no valid agreement was made, nor any grant of an easement that is enforceable, were threatening to close up the stairway when a suit for an injunction was brought.

If the agreement contended for had been in writing it would have constituted a valid grant of an easement; and, if there was a parol agreement of the character mentioned, Holmes acquired an equitable title on the principle of estoppel. The part performance would take the parol grant out of the statute of frauds.

At the argument it was conceded by counsel for plaintiffs in error that if there was proof of the parol contract claimed by

defendants in error the judgment of the trial court sustaining the easement must stand.   We think that there is valid testimony sustaining the finding of the court that such a contract was made.   One of the Hall brothers was a witness and stated that an agreement was made, and gave its conditions.   He was unable to relate the language of the agreement or to give the particular place where they were when it was made, but this is accounted for to some extent by the length of time that has elapsed since the contract was made.   Other witnesses gave testimony of a corroborative character, and the circumstances combine to sustain their testimony and the finding of the court. The continued use of the stairway by Holmes and those who hold under him, and the use of the wall by the Hall brothers and those holding under them, leave little question as to the understanding of the parties and of notice of the existence of the easement.   The testimony is sufficient to sustain the finding of the court, and therefore its judgment is affirmed.